No. 37,360

COURTIE U. BLAKESLEY, *Petitioner*, v. R. H. HUDSPETH, Warden of
the Kansas State Penitentiary, *Respondent.*

(199 P. 2d 792)

Opinion filed November 30, 1948.

*Courtie U. Blakesley,* was on the briefs *pro se.*

*Edward F. Arn,* attorney general, and *Harold R. Fatzer,* assistant attorney
general, were on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This was an original proceeding in habeas corpus.
Petitioner was sentenced to life imprisonment following a plea of
guilty to the charge of murder in the first degree.

The grounds alleged in his petition for release are:

(1) His prosecution under an information instead of under an
indictment violated the fifth amendment of the constitution of the
United States.

(2) He was denied a fair and impartial trial and was forced to
enter a coerced plea of guilty.

(3) The journal entry failed to contain the statutes under which
he was charged and sentenced as required by G. S. 1947 Supp. 62-
1516.

(4) Petitioner was denied the right to be properly represented by
counsel.

The first ground is not good. His uncorroborated verified petition
does not sustain the burden of proof required to set aside the dec-
larations of the judgment and to warrant the granting of the writ.
(*Long v. Hudspeth,* 164 Kan. 720, 192 P. 2d 169.) Counsel for peti-
tioner advises he was unable to obtain other affidavits in support of
the second ground. Touching the third ground it is true the journal
entry did not contain the statutes under which defendant was
charged or under which sentence was imposed as required by G. S.
1947 Supp. 62-1516. That irregularity, however, was subsequently

cured by an appropriate *nunc pro tunc* order which supplied the statutes under which petitioner was charged and under which the court had pronounced sentence. The affidavit of petitioner's counsel who had been employed by petitioner and his family refutes the fourth ground relied on for a writ. In view of petitioner's uncorroborated evidence on the fourth ground and the entire record we conclude petitioner has not met the burden of proof on the charge he was improperly represented. The evidence fails completely to meet the requirements for a discharge on that ground. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147.)

The writ is denied.