No. 44,805

COURTIE U. BLAKESLEY, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(427 P. 2d 497)

Opinion filed May 13, 1967.

*John E. Stumbo,* of Topeka, argued the cause and was on the briefs for the appellant.

*Robert D. Hecht,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

FATZER, J.: The petitioner, Courtie U. Blakesley, filed a motion (K. S. A. 60-1507) to vacate and set aside the sentence of life imprisonment in the Kansas State Penitentiary imposed upon him on April 2, 1946, following his voluntary plea of guilty to the charge of murder in the first degree. He alleged as grounds for relief that (1) he was represented by John E. Powell, a member of the Bar of Missouri, who was "unauthorized, illegal, incompetent and ineffective" counsel in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States, and (2) he was convicted of the offense without "trial by jury in a capital case."

On June 3, 1966, the petitioner appeared in person in the district court, represented by present court-appointed counsel, and a full evidentiary hearing on his motion was had. After hearing the testimony of the petitioner and his brother, Burl Blakesley, Princeton, Missouri; considering the evidence offered by the state in the form of a certified true copy of the affidavit of John E. Powell on file in the supreme court of Kansas, docket No. 37360, *Blakesley v. Hudspeth*, and examining the pleadings, the files and records of the case, the court found the petitioner failed to sustain the burden of proof incumbent upon him and that his motion for relief should be denied. Hence, this appeal.

It is the petitioner's basic contention that when he pleaded guilty to the charge of murder in the first degree, he was represented by an attorney who was not licensed to practice law in the state of Kansas and who had not associated with him a licensed Kansas attorney as required by G. S. 1939 Supp. 7-104, and was so unfamiliar with the rules and procedure of this state as to render his representation a nullity.

At least four different courts have considered the points here involved and have decided them adversely to the petitioner. This case aptly portrays the manner in which district courts, both federal and state, are burdened with repetitious hearings on the same points, and likewise illustrates the fact that appellate courts, both federal and state, are required to consider numerous and frivolous appeals which are increasingly clogging the dockets of those courts.

In 1948, the petitioner filed an original proceeding in this court, No. 37360. The case was briefed and argued and the opinion of the court is recorded as *Blakesley v. Hudspeth*, 166 Kan. 221, 199 P. 2d 792. The identical point here presented was raised in that case and the affidavit of the petitioner's counsel, John E. Powell, was filed of record and considered in that proceeding. In the opinion it was said that the affidavit of Mr. Powell, who had been employed by the petitioner and his family, completely refuted the grounds for the writ.

In 1964, the petitioner filed an application for a writ of habeas corpus before the Honorable George Templar, United States District Judge for the District of Kansas, alleging the same grounds for relief. The writ was denied. He then appealed to the United States Court of Appeals for the Tenth Circuit where the same contention

was again rejected. In its opinion, *Blakesley v. Crouse,* 332 F. 2d 849, the court said:

"Although it is not alleged in the application, we will assume that Powell was not licensed to practice in Kansas. He was an attorney selected by Blakesley, duly licensed to practice in the State of Missouri. He was permitted to represent Blakesley in the state court action. There no doubt could be cases where a Missouri lawyer might not be sufficiently familiar with Kansas law to competently represent a party in a proceeding in a Kansas court, but we think it could not be assumed that a member of the bar of Missouri could not properly investigate the case, determine and appraise the evidence that would probably be introduced against Blakesley, examine the Kansas Statutes defining murder, and determine whether or not under the circumstances it would be best for Blakesley to enter a plea of not guilty. Moreover, we think that Blakesley, by appearing with Powell as his attorney and not requesting the appointment of a Kansas lawyer to be associated with Powell, waived the right, if any he had, to an attorney who resided in and was licensed to practice in the State of Kansas. (p. 850.)

We are of the opinion the Tenth Circuit Court of Appeals correctly decided the question and we hold its decision is controlling.

Aside from the fact that Powell was not licensed to practice law in the state of Kansas, no showing was made by the petitioner in the hearing in the district court that Powell inadequately or ineffectively represented him in the criminal case. The record indicates that Powell was an active and experienced lawyer. When his authority to represent the petitioner was inquired into by the district court, Powell stated in substance he was admitted to practice law in the states of Missouri and Nebraska in 1909 by the supreme courts of those two states; that he was a member of the Bar of Kansas City, Missouri, and was admitted to practice before the United States District Court in 1915; that he had been county attorney of Mercer County, Princeton, Missouri, two different terms; that he had been probate judge of Mercer County for two terms; that he was a member of the Missouri State Bar Association, the American Bar Association, and was president of the Third Judicial Circuit Bar Association of the state of Missouri. Moreover, the petitioner and his three brothers had complete confidence in Powell and it was agreed by all of them that the petitioner would enter his plea of guilty since if he stood trial and fought the case, the state was going to try to hang him. At the evidentiary hearing, the petitioner testified that Powell advised him of his right to a trial by jury, and the contention that Powell told him that if he

pleaded guilty he would only have to serve five years in prison was completely refuted and emphatically denied by Powell in his affidavit introduced in evidence at the evidentiary hearing.

Likewise, the contention the petitioner entered a plea of not guilty to the charge when he was first brought before the magistrate court for a preliminary hearing, which he waived, is completely immaterial. A plea of guilty or not guilty before a magistrate is without force or effect. See, *State v. Jordon,* 193 Kan. 664, 396 P. 2d 342, cert. den. 380 U. S. 920, 13 L. Ed. 2d 805, 85 S. Ct. 917, and *State v. Talbert,* 195 Kan. 149, 402 P. 2d 810, cert. den. 382 U. S. 868, 15 L. Ed. 2d 107, 86 S. Ct. 143.

We are of the opinion the petitioner has failed to establish any violation of rights guaranteed him by the Constitution of the United States or the Constitution and laws of the state of Kansas, and that the district court did not err in denying the relief sought.

The judgment is affirmed.