No. 44,698

Donald Gene Thompson, *Appellant*, v. State of Kansas, *Appellee*.

(419 P. 2d 891)

Opinion filed November 5, 1966.

*Lloyd Burke Bronston,* of Kansas City, argued the cause and was on the brief for the appellant.

*James P. Davis,* assistant county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Leo J. Moroney,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: This is an appeal from an order denying post conviction relief.

On May 8, 1961, appellant pleaded guilty in the district court of Wyandotte County, Kansas, to the offense of murder in the first degree and, following the hearing of evidence by the trial court pursuant to K. S. A. (then G. S. 1949) 21-403 on the question of the punishment to be assessed, he was sentenced to life imprisonment. In 1964 appellant filed his petition to vacate the sentence pursuant to K. S. A. 60-1507. Counsel was appointed to represent him. On May 27, 1965, an evidentiary hearing was held at which appellant was present and testified. The petition was denied, hence this appeal for which further counsel has been appointed.

Appellant's first contention of error is based on his claim that he waived extradition proceedings to come from the state of Oklahoma into the state of Kansas upon a charge of burglary and larceny and that while he was in jail in Kansas as a suspect for the first two offenses he was charged with the murder offense. This claim does not entitle appellant to any relief. The jurisdiction of a Kansas dis-

trict court to try a person on a charge of having committed a public offense does not depend upon how he came to be in this state. (*Stebens v. Hand,* 182 Kan. 304, 320 P. 2d 790; *Converse v. Hand,* 185 Kan. 112, 340 P. 2d 874; *Smith v. State,* 196 Kan. 438, 411 P. 2d 663.)

Appellant next claims that at the time he entered his plea of guilty he was unfamiliar with his rights and not properly advised by counsel. At his preliminary hearing and upon his appearance in district court at the time of his plea and sentencing appellant was represented by three competent attorneys of his own choice, one of whom was widely experienced in the field of criminal law. The transcript of the district court proceeding reveals the following:

"...

"THE COURT: You are Donald Gene Thompson?

"DEFENDANT THOMPSON: Yes, sir.

"THE COURT: How old are you, Donald?

"DEFENDANT THOMPSON: Twenty-one.

"THE COURT: Twenty-one; are you a resident of Wyandotte County, Kansas City, Kansas?

"DEFENDANT THOMPSON: No, sir.

"THE COURT: Of where are you a resident?

"DEFENDANT THOMPSON: Oklahoma City.

"THE COURT: What education have you had, Donald?

"DEFENDANT THOMPSON: Tenth grade—not too much education.

"THE COURT: Not too much education, went to the tenth grade down there?

"DEFENDANT THOMPSON: In California.

"THE COURT: California; all right, now, Mr. Thompson, Mr. Davis has read this Information to you which charges you with murder in the first degree.

"DEFENDANT THOMPSON: Uh, huh.

"THE COURT: You have a right, Donald, to stand trial—or first, you have a right to plead guilty or not guilty; you have a right to stand trial by a jury or you have a right, if you plead guilty, to throw yourself upon the mercy of the Court. However, the Court, of course, must hear evidence in the case.

"DEFENDANT THOMPSON: Uh, huh.

"THE COURT: Under that section of the law. Now, you have discussed this matter with Mr. Scott here?

"DEFENDANT THOMPSON: Yes.

"THE COURT: And I suppose with Mr. Jackson and Mr. Bradley, all of them?

"MR. SCOTT: Yes, Your Honor please.

"THE COURT: And you know full well what you can do, do you?

"DEFENDANT THOMPSON: Yes, sir.

"THE COURT: Stand trial or not stand trial, plead guilty or not plead guilty, or stand mute, whichever one you want to do.

"DEFENDANT THOMPSON: What does this 'mute' mean?

"THE COURT: That means you don't enter a plea of any kind and then the Court enters a plea of not guilty for you. But if you stand trial, of course, the jury is the one who sets the sentence on you. If you stand trial on a plea of guilty before the Court then it's up to the Court to decide the sentence that you shall get; you understand that?

"DEFENDANT THOMPSON: Yes.

"THE COURT: Now, have any threats or promises been made to you insofar as what your attitude will be in this case?

"DEFENDANT THOMPSON: What my attitude will be?

"THE COURT: In other words—yes, in other words, have any threats or promises been made to you to make you plead one way or the other, guilty or not guilty?

"DEFENDANT THOMPSON: No, just been advised I am—no outs for me; I mean, the evidence is too strong against me, that is all.

"THE COURT: I see; do you wish then to enter a plea at this time?

"DEFENDANT THOMPSON: I'd like to ask Mr. Davis something first.

"THE COURT: If you don't mind—

"DEFENDANT THOMPSON: I want to ask him about these other charges on me.

"MR. SCOTT: Oh, yes, he's got two or three other cases pending. You are going to dismiss those, aren't you, Mr. Davis?

"MR. DAVIS: There will be opposition to that. We hadn't even discussed that. In fact, his lawyer hadn't even mentioned that to me. We hadn't gone into any discussion on these other cases. My position would be at this time in all probability the State will dismiss those other charges but I don't want the record to reflect that that is any consideration because of any way he pleads. I never even thought about the other cases. I realize they are on file but I might say this, that we are not trying to just try a lot of cases. I mean, if this man is found guilty of this charge here, we, in all probability, will dismiss those other cases.

"THE COURT: Does that answer your question now, Mister?

"DEFENDANT THOMPSON: Yes, sir.

"THE COURT: Do you now wish to enter a plea?

"DEFENDANT THOMPSON: Yes.

"THE COURT: How do you plead, sir?

"DEFENDANT THOMPSON: Guilty.

"THE COURT: Guilty. Okay, all right, you sit down over there now.

. . . . . . . . . . . . . .

"THE COURT: All right, under the statute it is mandatory that the court hear evidence. You may proceed, Mr. Davis. . . ."

The transcript then recites the evidence offered by the state, being the testimony of three police officers together with exhibits consisting of photographs and appellant's written confession, and continues:

"THE COURT: Does the defendant wish to offer any evidence at this time?

"MR. SCOTT: No, Your Honor please, we are just going to ask you without making any speech to give this boy a chance. He is young; he can be re-

habilitated; he's got a chance yet to go to the institution over there and learn a trade and then in seven years be able to ask for something. We are asking, Your Honor please, to give this boy a chance and save his life.

"THE COURT: Mr. Thompson, you can sit right there now. During the time that Mr. Scott has represented you, the preliminary and up to the present time, Mr. Scott and Mr. Jackson and Mr. Bradley have been the attorneys that you have used, is that correct, sir?

"DEFENDANT THOMPSON: Yes.

"THE COURT: And they have counseled with you and advised you from the the very beginning as to this case?

"DEFENDANT THOMPSON: Yes.

"THE COURT: They have discussed with you the evidence that the State could produce and whatever you might produce?

"DEFENDANT THOMPSON: I didn't understand.

"THE COURT: They have discussed with you the evidence that the State has?

"DEFENDANT THOMPSON: Yes.

"THE COURT: And they have talked with you about this statement that Mr. Davis has read here?

"DEFENDANT THOMPSON: Yes, sir.

"THE COURT: And you told them that that statement was given of your own free will?

"DEFENDANT THOMPSON: Yes.

"THE COURT: And they discussed with you the sentence—the possible sentence that a first degree murder—it might be death or it might be life imprisonment; they discussed that with you?

"DEFENDANT THOMPSON: Yes.

"THE COURT: And you knew all those things from the time they started discussing the matter with you?

"DEFENDANT THOMPSON: Well, we discussed the sentence today.

"THE COURT: What?

"DEFENDANT THOMPSON: We discussed the sentence today.

"THE COURT: Did you not know before today the sentence could be death or life imprisonment?

"DEFENDANT THOMPSON: I knew it could be death.

"THE COURT: You knew it could be death or life imprisonment, yes.

"Now, Mr. Davis, representing the state in this matter, do you have any statement to make? You have heard Mr. Scott's statement here.

"MR. DAVIS: Yes, I have, Your Honor. The State takes this position: We recommend life imprisonment based upon our investigation of this matter.

"THE COURT: I see.

"MR. THOMPSON, I ask you now, do you have anything to say before the sentence of this Court is imposed upon you?

"DEFENDANT THOMPSON: No sir.
. . ."

In his testimony at his 1507 hearing appellant does not indicate in what respect he was not familiar with his rights nor does he specify of what rights he was unaware at the time he pleaded

guilty. He simply maintains the transcript on its face indicates a lack of understanding of trial procedure at the time the plea of guilty was entered and that it should not have been accepted by the trial judge. We do not agree. We think the transcript evidences that the trial judge fairly discharged his responsibility in accepting the plea of guilty. It reflects his careful ascertainment that the plea was voluntarily made and that appellant understood the nature and consequence of the same. The transcript contains nothing to indicate the contrary and furnishes no grounds for vacating the sentence. Appellant was represented by his retained counsel throughout all proceedings commencing with his preliminary hearing. Although the record on appeal does not reveal the circumstances, it further indicates that appellant appeared with his counsel before the judge of another division of the Wyandotte County District Court on two occasions prior to the plea and sentencing. And as previously indicated, appellant's testimony at his evidentiary hearing supplies no factual basis for this complaint.

Although not specifically delineated in his statement of points setting forth error in the 1507 proceeding, appellant does assert he was not advised of his constitutional right to counsel or his right against incrimination at the time he made his confession and that he was beaten and mistreated.

The matter of appellant's confession was inquired into at some length at the time of his hearing upon the sentence. It appears that appellant first made an oral confession to police officers admitting participating in the offense of felony murder. The police officers testified appellant was previously advised of his right to counsel and his right against self-incrimination. Then appellant gave a signed written confession to the county attorney of Wyandotte County. The written confession acknowledged that appellant was advised of his right against self-incrimination and that it was being made freely and voluntarily, that no threats or promises were made in obtaining it, and that appellant was not misused in any way. As previously set forth, the sentencing judge made further inquiry in open court of appellant as to the voluntary nature of the confession. No complaint that anything was amiss appears to have been made by appellant until the 1507 proceeding was started. The trial judge at the 1507 hearing (who was also the sentencing judge) had all this before him. At the 1507 hearing appellant did deny he was advised of his rights to counsel and he

did make the bald assertion he was beaten and mistreated. Appellant's allegations of wrongdoing are not only affirmatively contradicted by the record of his conviction, such statements are wholly uncorroborated and unsupported. In *Goodwin v. State,* 195 Kan. 414, 407 P. 2d 528, the rule is stated thus:

"A judgment of conviction of crime carries with it a presumption of regularity, and where one convicted of a crime attacks such a judgment pursuant to K. S. A. 60-1507, on the ground that his constitutional rights were violated, he has the burden of proof to establish such fact by a preponderance of the evidence, and such burden is not sustained by unsupported and uncorroborated statements by the plaintiff (*Huston v. State,* 195 Kan. 140, 403 P. 2d 122)." (Syl. ¶ 8.)

The trial court committed no error in finding appellant failed to meet the requisite burden of proof and its order denying relief is affirmed.

APPROVED BY THE COURT.