No. 45,344

STATE OF KANSAS, *Appellee,* v. LOU B. WINTER, *Appellant.*

(454 P. 2d 491)

Opinion filed May 17, 1969.

*James E. Parmiter,* of Holton, argued the cause and was on the brief for the appellant.

*Edward S. Dunn,* county attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FATZER, J.: The appellant was convicted of the murder of his wife, and the jury fixed his punishment at confinement in the Kansas State Penitentiary for his natural life. (K. S. A. 21-401 and 21-403.)

On February 13, 1967, a complaint was filed in the county court of Jackson County and a warrant issued for the appellant's arrest, charging him with murder in the first degree.

On the following day, February 14, 1967, the appellant was brought before the county court and Mr. James E. Parmiter was appointed to represent him "in the arraignment." The record shows that upon "arraignment," the appellant "entered a plea of not guilty by and through his attorney," and a preliminary examination was set for February 28, 1967. On that date, employed counsel other than Mr. Parmiter, appeared on the appellant's

behalf and entered an oral plea in abatement on the ground the county court had continued the preliminary examination more than ten days from February 14, without the appellant's consent. The court granted a continuance to allow time for the submission of briefs on the plea. Later, the oral plea in abatement was over-ruled.

On March 8, and 9, 1967, a preliminary examination was had, and the appellant was bound over to the district court to stand trial at the next regular term. The proof being evident and the presumption of the appellant's guilt being great, bond was denied.

After other preliminary matters, trial was had commencing on May 22, 1967, and concluded on May 27, resulting in the jury finding the appellant guilty as charged, and it fixed his punishment as previously indicated.

On June 7, and 8, 1967, appellant's motions for a new trial, judgment in acquittal, and in arrest of judgment, were overruled and sentence was imposed.

In seeking reversal, the appellant first contends the county court violated K. S. A. 62-611 in continuing the preliminary examination more than ten days from February 14. The point is not well taken.

In the first place, any argument based upon the appellant's so-called arraignment and plea of not guilty before the county court constitutes no basis for any valid claim of error. We have repeatedly held that where an accused is charged with the com-mission of a felony and attempts to enter a plea of guilty or not guilty before the examining magistrate, such a plea is a nullity and should be disregarded. (*State v. Jordon,* 193 Kan. 664, 396 P. 2d 342, cert. den. 380 U. S. 920, 13 L. Ed. 2d 805, 85 S. Ct. 917; *McCuan v. State,* 196 Kan. 457, 413 P. 2d 69; *Blakesley v. State,* 199 Kan. 128, 131, 427 P. 2d 497.)

In the second place, the statute provides that, insofar as per-tinent, a magistrate may adjourn an examination or trial pending before himself from time to time as occasion shall require, not exceeding ten days at one time, without the consent of the de-fendant or person charged. Once an accused is brought before the magistrate, a preliminary examination must be concluded with-out delay. (K. S. A. 62-610, 62-611, 62-614.) See *State v. Trotter,* 203 Kan. 31, 453 P. 2d 93.

The rule with respect to a continuance under the provisions of 62-611 is stated in *Whalen v. Cristell,* 161 Kan. 747, 173 P. 2d 252,

at p. 752, to the effect that a magistrate cannot arbitrarily continue the hearing of a preliminary examination for an indefinite period of time. On the contrary, his power to continue such hearing is limited to ten days at one time, except in cases where the defendant consents to a longer delay. (*White v. Crouse,* 193 Kan. 674, 396 P. 2d 333, cert. den. 381 U. S. 954, 14 L. Ed. 2d 727, 85 S. Ct. 1814.)

After the information was filed charging the appellant with murder in the first degree, counsel timely filed a plea in abatement and a motion to quash the information for the reasons here urged. A hearing was had on the plea in abatement, and both the state and the appellant presented evidence. The district court specifically found that the continuance to February 28, was granted at the request of Mr. Parmiter on behalf of the appellant and for his sole and exclusive benefit. There was no allegation the delay was unreasonable or unnecessary, or resulted in the denial of a fair trial, hence, the claim is without merit. (*State v. Trotter,* supra; *State v. Dobney,* 199 Kan. 449, 429 P. 2d 928; *Cooper v. State,* 196 Kan. 421, 411 P. 2d 652.)

It is claimed the county court failed to make a finding that a crime had been committed and that there was probable cause to believe the appellant committed the crime. The journal entry of the preliminary examination conclusively shows to the contrary. The pertinent portion reads:

"IT IS THE FINDING, ORDER AND JUDGMENT AND DECREE OF THIS COURT, that at the conclusion of the testimony of the plaintiff and defendant and after listening to all of the evidence brought before this court, or magistrate, that there is probable cause to believe an offense or crime being the violation of Section 21-401, K. S. A., 1964, which is the crime of murder in the first degree, and there is probable cause to believe that the defendant or prisoner herein, committed the said crime and there is probable cause to believe that said crime was committed within the jurisdiction of this court, to-wit: Jackson County, Kansas. The Court hereby finds that said defendant, according to the laws of the State of Kansas, should be bound over for trial in the District Court of Jackson County, Kansas."

It is next contended the district court erred in overruling appellant's motion to dismiss the information. On May 1, the county attorney filed an information charging the appellant with murder in the first degree. While the information pleaded the crime at length, a careful examination of its allegations clearly shows it charged the offense of murder in the first degree. However, on May 17, 1967, the county attorney filed an amended information

charging murder in the first degree, and an examination of that document indicates it fully apprised the appellant of the charge and it pleaded all the essential elements of the offense. (*State v. Baker*, 197 Kan. 660, 421 P. 2d 16; *State v. Ashton*, 175 Kan. 164, 262 P. 2d 123; *State v. Hazen*, 160 Kan. 733, 165 P. 2d 234.)

Little need be said about appellant's contention the district court erred in not dismissing the information when it was shown the county court failed to allow appellant to attach his Exhibit A to the record, such being an affidavit that he did not waive the provisions of 62-611.

The district court allowed Exhibit A to be filed, and, as indicated, conducted a full and complete hearing on the identical subject matter as was contained in the affidavit when it heard the appellant's plea in abatement in the district court. The result of such hearing has been stated. There was no error.

Appellant contends the district court erred in admitting into evidence state's Exhibit 1, the murder weapon. There is no reasonable basis upon which to sustain such a contention. The testimony of appellant's son, Lowell Winter, clearly indicated that he was able to identify state's Exhibit 1 as being owned by his father and was the gun he had in his possession on February 4, 1967, and which he had in his hand when the crime was committed. On cross-examination, the witness further identified the gun on the basis of a loose and broken handle and stated he had on a previous occasion fired the gun himself.

The appellant contends the district court erred when it failed to appoint a commission to determine his mental capacity, or to find he was unable to comprehend his position, or conduct his defense, or to assist counsel in conducting his defense pursuant to K. S. A. 62-1531. The record shows no such request was made until after both parties had rested their case. In denying the motion, the court made lengthy observations as follows:

"On the defendant's plea in abatement. The Court noted at that time the defendant testified clearly, succinctly, and without any hesitation. The Court has noticed, throughout this trial, beginning May 22nd, that the defendant and his attorneys have consulted at their table repeatedly, and, of course, the Court has noticed that the defendant kept a note pad in front of him during the selection of the jury, which took three days, at which the defendant apparently kept track of the jurors' names. The Court noticed, upon many occasions, that Mr. Crow, in dealing with the selection of the jury, consulted with Mr. Winter; that they talked back and forth. What they talked about, of course, I don't

know. The Court noted that at the time to strike jurors and reduce the number from 36 to 12, that counsel repeatedly consulted with the defendant and that the defendant apparently talked at some length with his counsel during this time. The Court also noticed that during the trial of this case the defense counsel would consult with defendant at counsel table upon many occasions, and the defendant, of course, testified in person yesterday. His testimony was given in a manner in which in no way indicated to this Court that he didn't understand his position, or that he is an idiot or insane person or an imbecile, and the Court specifically finds that during all of these things that he does know his position and there is no grounds that I know of been brought to my attention or by my own observations which would make the Court have any doubt whatsoever on this point. Further, prior to the trial the defendant filed a motion for the purpose of making the defendant available to Menninger Foundation, in person, for such psychiatric examination as the defendant's doctors wished to conduct; the Court granted that motion; the defendant was permitted, under the custody of the sheriff, of course, to be transported to Menninger Foundation to be examined. Mr. Crow tells me he was so examined. The Court has heard no word as to the results, one way or the other of that examination. However, the Court notes that there was no doctor, psychiatrist or psychologist or anyone else testified in this case as to the mental condition of the defendant in any way."

"The Court does not find that the defendant is insane, an idiot or imbecile or unable to comprehend his position and make defense. The Court does find that he, the defendant, in fact, did, obviously, cooperate fully in making his defense."

We think no error was committed. As indicated, at the appellant's request, the district court directed he be taken to the Menninger Clinic at Topeka for mental examination. Such an examination was conducted and the results made known to the appellant. For reasons solely his own, the appellant did not at the time of trial introduce into evidence the results of such examination. As stated by the district court, the failure of the examining psychiatrist to testify in the appellant's defense left it with "the only conclusion that the psychiatrist's testimony would not be favorable to the defendant." There was nothing in the record which would indicate to the district court from his observations, or otherwise, that the appellant was unable to comprehend his position or assist in his defense. On the contrary, the record indicates he was able to and did cooperate with his counsel in the three days that were consumed in selecting the jury. Moreover, counsel stated to the court when it ordered the defendant transported to the Menninger Clinic to be examined by a psychiatrist of his own choice, that a commission under the mentioned statute would not be requested.

The rule whether the district court should order an inquiry into the defendant's sanity on its own initiative is stated in *State v. Kelly,* 192 Kan. 641, 391 P. 2d 123, as follows:

"It is the district court in whose mind a real doubt of sanity or mental capacity to properly defend must be created before that court is required to order an inquiry solely on its own initiative. Whether a district court on its own initiative should order an inquiry to determine the sanity of an accused at or during the trial is a matter addressed to the discretion of the court and its decision will not be disturbed in the absence of abuse of sound judicial discretion." (Syl. ¶ 2.)

See, also, *Van Dusen v. State,* 197 Kan. 718, 421 P. 2d 197.

No showing was made by appellant that he was prejudiced by reason of the denial to appoint the commission following the trial, or if allowed, that any evidence presented at the trial or hearing would have been to appellant's benefit or different than that actually presented. It is sufficient to say that there was more than enough evidence to justify the court in concluding that defendant knew what he was doing. (*State v. Martin,* 175 Kan. 373, 265 P. 2d 297.)

It is claimed the verdict was not supported by substantial evidence in that the state did not prove beyond a reasonable doubt the elements of deliberation, premeditation and malice aforethought, and *State v. Greenwood,* 197 Kan. 676, 421 P. 2d 24, is cited and relied upon. It is unnecessary to detail at length the evidence. It is sufficient to say the record contains competent and ample evidence that on February 4, 1967, as related by eyewitnesses to the killing, the appellant shot his wife in the right temple at close range with a 32.20 caliber revolver, which resulted in her death. There was evidence proving or tending to prove each and every essential element of the crime of murder in the first degree, which would form the basis for a reasonable inference of the appellant's guilt, and justify the jury in finding him guilty of the crime charged.

In overruling the appellant's motion for a new trial, the district court considered each point in the motion. The same has been done by this court and we conclude the ruling denying the motion was correct. No error prejudicial to the rights of the appellant appearing, and since he was given a fair and impartial trial, and there being no grounds for reversal on any point, the judgment of the district court is affirmed.

It is so ordered.