No. 47,044

State of Kansas, *Appellee,* v. Robert Lewis Jackson, *Appellant.*

(510 P. 2d 1219)

Opinion filed June 9, 1973.

*Elmer C. Jackson, Jr.,* of Jackson and Randolph, of Kansas City, was on the brief for appellant.

*Nick A. Tomasic,* district attorney, and *Vern Miller,* attorney general, were on the brief for appellee.

*Per Curiam:* Appellant Robert Lewis Jackson appeals from a conviction by a jury of the crime of aggravated robbery in violation of K. S. A. 1972 Supp. 21-3427. On December 23, 1970, an unmasked man confronted an employee of the National Compressed Steel Company with a pistol, demanded and received the company's cash box. In a pursuit of the "getaway" car that followed the car was wrecked. Police found the appellant hiding near the wrecked car. Appellant was arrested and taken to the police station.

On December 24, 1970, a lineup was held and two employees identified the appellant as the person who committed the robbery. The police testified that the appellant was advised of his right to have his attorney present, that he was allowed to talk to a Missouri attorney and that he refused to sign a written waiver but orally agreed to be shown in the lineup.

At the trial the two employees testified that they identified the appellant in the lineup. Testimony of the police was offered concerning the lineup and at this point the trial judge held a hearing, without the jury being present, and decided that the lineup procedure was defective because of the absence of an attorney to represent the suspect. The police were not allowed to testify and the trial court instructed the jury to disregard the lineup testimony. The appellant now claims that the court should have declared a mistrial.

The testimony of the police officers and of the employees would appear to be admissible. See *State v. Anderson,* 211 Kan. 148, 505 P. 2d 691, and *Kirby v. Illinois,* 406 U. S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877. In *Kirby* the United States Supreme Court held the constitutional right to counsel did not attach until judicial criminal

proceedings were initiated, and that the exclusionary rule relating to out-of-court identifications in the absence of counsel did not apply to identification testimony based upon a police station lineup which took place before the accused had been indicted or otherwise formally charged with any criminal offense.

The complaint in this action was filed January 18, 1971, and the information was filed January 20, 1971. The lineup was held prior to the initiation of any adverse criminal proceedings. The exclusion of the testimony and the instruction by the court to disregard it could not be prejudicial to the rights of this defendant-appellant.

The second contention of the appellant is that there was no evidence to actually identify the $660 taken in the robbery. At the time of the arrest appellant had $400 in bills in his hip pocket. Approximately $200 were found in the "getaway" car. The appellant first claimed he had borrowed the money. At the time of the trial, he claimed that the money was paid to him for work. The money was further identified by an employee of the company by virtue of the fact that the company's wrapper was around it. The evidence furnished more than a reasonable basis for an inference of guilt. See *State v. Ulriksen,* 210 Kan. 795, 504 P. 2d 232.

The jury believed the state's evidence. Its verdict must stand and the judgment is affirmed.