## STATE OF FLORIDA v SULLIVAN
### Case No. 84-0015AC210 (County Court Case No. 83-200810MM10)
Seventeenth Judicial Circuit, Broward County

September 8, 1988

### APPEARANCES OF COUNSEL

**Michael J. Satz,** State Attorney and **James P. McLane,** Assistant State Attorney, for appellant.

**Dewey A.F. Ries,** for appellee.

### OPINION OF THE COURT

GEORGE A. SHAHOOD, Circuit Judge.

Appellant, State of Florida, filed a timely appeal of the trial court's granting of a Motion to Suppress breathalyzer test results under the authority of *Florida Rules of Appellate Procedure,* 9.140(c)(1).

The facts of the case follow: On November 6, 1983 William Sullivan was arrested and charged with Driving While Under the Influence of Alcohol. He had been detained in a "Batmobile," for the required observation period prior to the administration of a breathalyzer test for blood-alcohol content.

Mr. Sullivan was read his *Miranda* rights as well as his rights under *FS* § 322.261 and informed of the statutory consequences, a six month suspension of his driver's license, should he refuse to submit to the test. While waiting for the observation period to pass, Mr. Sullivan asked that he be allowed to call his attorney before deciding whether or not to submit to the test procedure. He was denied this request although the record shows that a phone was available nearby.

He then elected to submit to the breathalyzer which resulted in a testing reading of .21, an amount well in excess of the .10 required to sustain a D.U.I. conviction. Accordingly, an Information was filed on November 14, 1983.

On December 1, 1983 a motion was filed to Suppress, Exclude or Hold in Limine the results of the breathalyzer test and on January 16, 1984 a Motion to Suppress any evidence involving the breath of the Defendant.

On February 8, 1984 an Order granting the Motion to Suppress was handed down by Judge Nutaro of the Broward County Court.

The issue on appeal is whether a person arrested for Driving While Under the Influence has a constitutional right to request consultation with counsel prior to deciding whether or not to submit to chemical breath analysis. The court sub judice recognized the State's interest in the timely administration of such tests and specifically held that, although a defendant should be allowed to attempt to contact counsel, the test procedure should not be unreasonably delayed for such purpose.

If such right does in fact exist, and is denied defendant, evidence of breathalyzer results gathered after he is refused the opportunity to at least attempt to contact counsel must, as a matter of law, be suppressed.

Decisions of the various jurisdictions are contradictory.

The Supreme Court of Kansas, referring to the Court's holding in *Kirby v Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed. 2d 441 (1972) to the effect that "the Sixth Amendment right to counsel may attach to pretrial confrontations or proceedings but only after the State commits itself to the prosecution of the accused," held in *State v Bristor,* 691

148

P.2d 1 (Kan. 1984) that "[i]t is not until after the test has been administered that the state commits itself to the criminal prosecution" and that consequently the Sixth Amendment right to counsel does not attach to a person arrested for driving under the influence of alcohol who is asked to submit to a blood alcohol test because the decision is not critical in the constitutional sense.

Conversely the Supreme Court of Vermont under nearly identical circumstances found that a "limited right to counsel" does attach and a person should be allowed the right to consult with his attorney prior to deciding whether or not to submit to a chemical blood analysis but that the exercise of such rights should not be permitted to interfere with the timely administration of the chemical test. *State v Welch,* 376 A.2d 351 at 354 (Vt. 1977).

The two divergent opinions above speak to the essence of the conflict in the numerous decisions cited by appellant and appellee.

Appellee contends that the administration of a chemical test is a critical stage of a criminal prosecution and that he was thus denied his Sixth Amendment right to counsel. However, the Court in both *Kirby v Illinois,* supra, and in *United States v Wade,* 388 U.S. 218, 87 S. Ct. 1926 at 1932 (1967) take a contrary position. The Court in *Wade,* while holding that "[t]he presence of counsel at . . . critical confrontations . . . operates to assure that the accused's interests will be protected," specifically held that procedures such as fingerprinting, blood sample testing, or clothing and hair analysis are not critical stages at which the accused has the right to the presence of counsel.

Recent decisions of the Broward County Court holding that a person does in fact have the right to counsel before deciding whether or not to submit to chemical breath analysis have been reversed on appeal by the Seventeenth Judicial Circuit.

In *State of Florida v Mary Beth White,* Case No. 83-23992TT10, (Broward County Court) cited by the trial court, appellee, and appellant, Nutaro, J. held that the right to at least try to reach counsel is constitutionally extant as a matter of fairness. Judge Hinckley of this Circuit reversed, Appeal No. 84-0010AC10, holding that the decision whether to take a breathalyzer test is not a critical stage in a defendants' criminal prosecution, that police inquiries under *FS* § 322.261 are based on a highly regulated administrative process and that there is, thereunder, neither statutory nor constitutional right to counsel.

The *White* case was decided by the same trial court before the

instant case and the state appeal therefrom was pending when the appeal at hand was filed.

This court, based on the Supreme Court's holdings as enunciated in *Kirby v Illinois* and *United States v Wade*, supra, holds, as did Judge Hinckley, that the administration of a chemical test for blood alcohol is not a critical stage in a criminal prosecution during which the right to counsel, guaranteed by the Sixth Amendment, attaches.

The decision of the court below is therefore reversed and the case remanded for action consistent with this opinion. However, due to overwhelming public interest in maximizing highway safety while simultaneously preserving the constitutional right of the individual both to counsel under the Sixth Amendment and due process under the Fourteenth Amendment, the obviously contradictory opinions cited by able counsel for both appellant and appellee, and the recurrent theme of the issues presented, this court strongly recommends that the court below certify the issues discussed herein to the Fourth District Court of Appeals under the provisions of Rule 9.160, *Florida Appellate Rules* for review.

Reversed and Remanded with Suggestion.