No. 47,504

STATE OF KANSAS, *Appellee,* v. LLOYD WAYNE ESTES, *Appellant.*

(532 P. 2d 1283)

Opinion filed March 1, 1975.

*Jerry L. Donnelly,* of Lawrence, argued the cause, and was on the brief for the appellant.

*David Berkowitz,* county attorney, argued the cause, and *Jan Hamer,* of Lawrence, and *Curt T. Schneider,* attorney general, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action by Lloyd Wayne Estes (defendant-appellant), from a conviction of aggravated robbery by a jury in violation of K. S. A. 1972 Supp. 21-3427.

Trial errors are asserted on appeal for reversal.

On March 27, 1973, at approximately 10:55 p. m., the Frey & Williams Liquor Store, 2324 Louisiana, Lawrence, Kansas, was

robbed by two men. Mr. Mike Canella, the clerk working at the liquor store at the time of the robbery, testified that two men entered the store and demanded money from him. The larger of the two men, later identified as Mr. Coffelt, was armed with a gun, and the smaller man whom Mr. Canella identified as the appellant was carrying a can of mace.

After asking for the money the appellant sprayed Mr. Canella in the face twice with the mace, and the two men forced him to lie down in the back room of the liquor store. The men had difficulty in opening the cash register, so they brought Mr. Canella back into the front room to help open it. Mr. Canella testified that the larger man had his tee shirt pulled up over his nose, but the man he identified as the appellant had nothing hiding his face during the robbery. The appellant was no more than fifteen feet from Mr. Canella when the men first entered the store and Mr. Canella had an unimpaired view of the appellant until he was sprayed with mace.

Mr. Frey, the owner of the liquor store, determined that the two men had escaped with $228.05 in cash and one-half gallon of whiskey. Apparently Mr. Canella was the only one who observed the robbery. When the police arrived the two men had left the scene. Robert Avery, a Lawrence police officer who investigated the robbery on the night of its occurrence, testified that Mr. Canella's face was red and his eyes were watery when he arrived.

Two or three days after the robbery detective Carroll Crossfield questioned Mr. Canella at his home and showed him three pictures, one of which was of the appellant, for identification purposes. Mr. Canella stated: "I had reason to think it was him [picture of appellant] but I was not going to commit myself to a photograph." Detective Crossfield then stated the appellant was out on bond for a previous armed robbery, and that the appellant was the man they were looking for. Several days later Mr. Canella positively identified the appellant in a lineup held in Topeka as one of the men who robbed the liquor store. He testified:

". . . That as soon as he saw appellant at the line-up he was positive that appellant was one of the men who had robbed him. That he is a professional photographer and makes pictures of people and can remember faces because of it. That he could have identified the appellant without the line-up. That the people in the line-up were similar in size, bodily frame, complexion, hair and facial features. That he had told Detective Crossfield that he could identify the smaller man of the two that robbed him prior to the line-up."

Appellant was subsequently charged with aggravated robbery and aggravated kidnapping in connection with the robbery, and was brought to trial before a jury on both charges on June 11, 1973. At the conclusion of the state's evidence, the appellant's counsel moved the court to compel election of one charge or the other. Counsel for the appellant argued the evidence did not support both charges, but the court, viewing the evidence in its most favorable light, overruled the appellant's motion and stated the state was entitled to have both charges submitted to the jury.

The jury was permitted to deliberate on the guilt of the appellant on both counts contained in the amended information. In the course of deliberations the foreman of the jury sent a note to the presiding judge asking the following question:

"According to the law, is it possible to have aggravated armed robbery without kidnapping?"

The trial judge answered:

"The answer to your question is yes."

The jury was then returned to the jury room and after deliberations submitted a verdict of guilty to the charge of aggravated robbery contained in Count I of the amended information. However, on the charge of aggravated kidnapping in Count II, the jury foreman gave the court a second note reading:

"Jury having difficulty on what Seperates aggravated robbery from kidnapping. According to instructions we understand these to be the Same. Differences isn't clear."

After reviewing the second note, the trial judge found that the jury should be directed to acquit the appellant of the charge of aggravated kidnapping, "it having arisen out of the same act of violence as the aggravated robbery." The jury was so instructed and the appellant was acquitted on the second count. The appellant filed a motion for a new trial claiming the court had erred in allowing the jury to consider both of the counts contained in the amended information, but the motion was summarily overruled.

The appellant's first two points on appeal are stated as follows:

"1. The pre-trial photographic identification procedure was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification, thereby tainting the subsequent physical lineup and the in-court identification because an insufficient number of photographs were shown to the victim, counsel was not present at said photographic lineup, and statements were made

to the victim by the law enforcement officer conducting said photographic lineup that the defendant had a prior record of armed robbery.

"2. The physical lineup identification of the defendant by the victim was inadmissible as evidence and tainted the subsequent in-court identification because it was conducted in an illegal and suggestive manner in that the defendant was forced against his will to participate in said lineup, an insufficient number of other persons were placed in said lineup, said physical lineup was conducted after an illegal and suggestive photographic lineup, the defendant was not represented by counsel at said lineup, and the defendant did not knowingly, understandingly, and voluntarily waive his right to the presence of such counsel."

The record does not disclose that counsel for the appellant during the trial of this case lodged any objections to matters incorporated in the first two points on appeal. During oral argument before this court the appellant's counsel candidly conceded there was no objection either before trial or during trial to Mr. Canella's testimony as to the identity of the appellant. The motion for new trial set forth in the record does not finger any of the procedures used in the identificatnon process, or disclose any objection to Mr. Canella's testimony identifying the appellant as one of the persons participating in the robbery.

The rules of evidence set forth in the Code of Civil Procedure apply to criminal actions as well as to civil actions. K. S. A. 60-404 is a codification of the state's prior law and provides that a verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection. (*State v. Shepherd,* 213 Kan. 498, 516 P. 2d 945 and *Baker v. State,* 204 Kan. 607, 464 P. 2d 212.)

The appellant in his brief asserts constitutional grounds for reversal on the first two points, but nowhere in the record does it appear that an objection was made in the trial court on constitutional grounds. Therefore, constitutional questions are not properly before us. (*State v. Garcia & Bell,* 210 Kan. 806, 504 P. 2d 172 and authorities cited therein.)

A suspect in a criminal case has no right to have counsel at either a photographic or a physical lineup conducted prior to the filing of formal criminal charges against him. These are not to be considered critical stages of the proceeding which give rise to a right to counsel. (*State v. Anderson,* 211 Kan. 148, 505 P. 2d 691; and *State v. McCollum,* 211 Kan. 631, 507 P. 2d 196.) The Sixth Amend-

ment guarantees attach only after the initiation of judicial criminal proceedings against an individual. (*Kirby v. Illinois*, 406 U. S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877.) At the time of the physical lineup the appellant by his own testimony admits he was not under arrest on charges upon which this appeal was taken.

Further, compelling an accused to participate in a lineup gives rise to no violation of his Fifth Amendment rights. Merely requiring an accused to exhibit his person for observation by a prosecution witness involves no compulsion of the accused to give testimonial evidence against himself. Only testimonial compulsion is prohibited by the Fifth Amendment. (*United States v. Wade*, 388 U. S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926.) Forcing the appellant to participate in the lineup against his will was permissible.

The appellant claims the photographic identification procedure was conducted in a manner so as to create a substantial likelihood of misidentifiication. The record discloses that the victim refused to commit himself to an identification of any kind on the basis of photographs. He did not feel confident in basing his identification on a photograph; his experience as a photographer had taught him that photographs could be misleading. He stated at the time that he was sure he could identify the appellant at a physical lineup. Detective Crossfield's comment that the appellant was on bond for armed robbery may have been somewhat suggestive, but Mr. Canella had already indicated his unwillingness to make any identification based on photographs, and had requested to observe a lineup.

The record does not disclose any deficiencies in the subsequent lineup procedure. The appellant was not entitled to have counsel present at the lineup, (*State v. McCollum*, supra) nor was he privileged to refuse to participate, (*United States v. Wade*, supra). The lineup consisted of four men who were, according to the victim's testimony, similar in size, bodily frame, complexion, hair and facial features. Nothing in the record indicates the lineup was unnecessarily suggestive or coercive.

Even if it be assumed that the pretrial identification procedures were deficient, Mr. Canella's in-court identification of the appellant is capable of standing on its own. If an in-court identification is based on a witness' observation at the time of the occurrence, the in-court identification is capable of standing even though the

pretrial identification procedures may have been deficient (*State v. Hill*, 209 Kan. 688, 498 P. 2d 92; *State v. Calvert*, 211 Kan. 174, 505 P. 2d 1110; *State v. McCollum*, supra; and *State v. Lora*, 213 Kan. 184, 515 P. 2d 1086.) In the present case Mr. Canella had an opportunity to view the appellant at close range in a lighted store. No one else was in the store but the two men, and Mr. Canella looked directly at the appellant before he was sprayed with mace. The appellant had nothing covering his face and did most of the talking during the robbery. The appellant's attention was clearly focused upon the appellant and his companion because the companion, the taller of the two, had a portion of his face concealed by a tee shirt over his nose when they entered the store. Although Mr. Canella would not identify the appellant from a photograph, he stated he could have identified the appellant on sight without the lineup. His observations at the scene were sufficient to give him an independent basis for identifying the appellant in court.

The third and last point asserted by the appellant is that the trial court committed reversible error in overruling the appellant's motion to compel an election at the close of the state's case between aggravated robbery and aggravated kidnapping, and thereby caused the jury to unjustifiably consider multiple counts against him, enhancing the possibility of a compromise verdict not justified by the evidence presented.

The essence of the appellant's argument is that the unlawful conduct attributed to him could not constitute more than a single act of criminal delinquency—the act of aggravated robbery. The appellant contends the element of asportation which is required and necessary to constitute the act of kidnapping was totally absent from the facts within the knowledge of the Douglas County Attorney at the time the amended information was prepared and totally absent from the facts proven at this trial. The argument proceeds on the assumption that regardless of the kidnapping statutes in effect, the line of Kansas cases on the subject of the asportation requirement necessary to constitute the crime of kidnapping are poorly reasoned, do not reflect modern legal thought, and should be overruled. (See, *State v. Brown*, 181 Kan. 375, 312 P. 2d 832; and *State v. Ayers*, 198 Kan. 467, 426, P. 2d 21.) Both the *Brown* and *Ayers* decisions relied upon a line of California cases, particularly: *People v. Wein*, 50 Cal. 2d 383, 326 P. 2d 457, cert. den. 358 U. S. 866, 3 L. Ed. 2d 99, 79 S. Ct. 98,

reh. den. 358 U. S. 896, 3 L. Ed 2d 122, 79 S Ct. 153; and *People v. Chessman,* 38 Cal. 2d 166, 238 P. 2d 1001. Counsel for the appellant points out that these opinions of the California Supreme Court are representative of the past, prevailing thought that any asportation, however slight, was sufficient to constitute kidnapping. In 1969 the California Supreme Court expressly overruled the *Chessman-Wein* line of cases. (*People v. Daniels,* 71 Cal. 2d 1119, 1139, 80 Cal. Rptr. 897, 910, 459 P. 2d 225, 238, 43 A. L. R. 3rd 677 [1969].) The New York case of *People v. Florio,* 301 N. Y. 46, 92 N. E. 2d 881 (1950), cited in *Brown* has been overruled by a subsequent case, *People v. Levy,* 15 N. Y. 2d 159, 204 N. E. 2d 842, 256 N.Y. S. 2d 793, (1965) cert. den. 381 U. S. 938, 14 L. Ed. 2d 701, 85 S. Ct. 1770.

Counsel for the appellant has presented an excellent brief on this point but we do not consider it necessary or material to our decision herein.

It is apparent from the record the jury did not, in fact, reach a compromised verdict. They returned a verdict of guilty on the charge of aggravated robbery, and the foreman then submitted a question to the trial judge on aggravated kidnapping. Since the jury was unable to reach a verdict on the count of aggravated kidnapping, and the court saw they were having difficulty with this count, the court directed them to acquit the defendant on the charge of kidnapping. This was definitely to the appellant's advantage. Even if the court erred in failing to compel an election at the close of state's evidence, the error was harmless. On the record here presented the appellant has not shown that he was prejudiced in any way by the court's ruling on his motion. Speculation as to the possibility of prejudice is insufficient to reverse a conviction. (See, *State v. Troy,* 215 Kan. 369, 373, 524 P. 2d 1121.)

The foregoing is not to suggest that the trial court erred in permitting both counts to go to the jury. K. S. A. 21-3420 [Weeks] defines kidnapping as "the taking or confining of any person, accomplished by force, threat or deception" with the proscribed intent set forth in this section, one of which is "to facilitate flight or the commission of any crime." Aggravated kidnapping under K. S. A. 21-3421 [Weeks] is kidnapping when bodily harm is inflicted upon the victim. While the appellant contends the absence of asportation under the facts renders the charge inappropriate in this case, the statute speaks in terms of "confinement" to facilitate

the commission of crime. Here the victim was forced into the back room of the store where he was held while the robbery proceeded in the front room. It could be said the holding of the victim there while the robbery proceeded in the front room constitutes confinement to facilitate the commission of a crime. The victim suffered bodily harm when he was sprayed with mace during the incident. On the record presented, however, we find it unnecessary to decide this point.

Having carefully reviewed the record presented on appeal and the arguments presented by counsel for the appellant, the appellant has failed to make it affirmatively appear that prejudicial error was committed in the trial of the case.

The judgment of the lower court is affirmed.