No. 57,635

STATE OF KANSAS, *Appellee*, v. MICHAEL L. O'NEAL, *Appellant*.

(708 P.2d 206)

Opinion filed October 25, 1985.

*Ray E. Simmons*, of Joseph, Robison & Anderson, P.A., of Wichita, argued the cause, and *C. Warner Eisenbise*, of counsel, and *Charles E. Millsap*, of the same firm, were with him on the brief for appellant.

*Geary N. Gorup*, assistant district attorney, argued the cause, and *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is a direct appeal by Michael L. O'Neal from his convictions by jury trial in the District Court of Sedgwick County of rape, K.S.A. 1984 Supp. 21-3502, and aggravated criminal sodomy, K.S.A. 1984 Supp. 21-3506.

The defendant raises three issues: that the trial court erred in the admission of defendant's in-custody statement; that the court erred in permitting a witness to comment upon defendant's silence; and that the court erred in allowing the State to impeach the testimony of two prosecution witnesses by use of their prior statements.

The defendant does not challenge the sufficiency of the evidence to establish the offenses, and therefore we do not need to

set forth the facts in great detail. The victim, while walking along a Wichita street in the nighttime, was approached by a man. She joined him and walked to a nearby car in which two of his friends, one being the defendant, were seated. She accepted their invitation to go with them. They played pool, purchased and drank liquor, spent time drinking and dancing in a local establishment, and after midnight arrived at the apartment of a fourth man. Eventually, the victim and the defendant were left alone in the apartment. The victim testified that the defendant forced her to have oral and anal sex and sexual intercourse. The defendant testified in his own behalf that they had oral sex and sexual intercourse, but that it was consensual. The jury accepted the victim's version and convicted the defendant.

The first issue raised concerns an interview of the defendant by Detective Clark at the Sedgwick County Jail on April 18, 1984. While the evidence is unclear, it appears that the defendant was in custody on an unrelated offense. Detective Clark, upon being advised that defendant was in custody, arranged to have defendant brought to an office at the police station. When Detective Clark introduced himself, the defendant immediately advised the officer that he had talked to his attorney, Janet Helsel, and that she advised him not to talk to the police unless she was present. The detective said that was fine and started to leave. The defendant inquired what this was all about, and the detective stated that he could not explain anything to him unless the defendant wished to waive his rights. Defendant said that he wanted to waive his rights and wanted to talk with the officer. Detective Clark then took out a standard *Miranda* rights form, went over each provision with the defendant and made sure that the defendant understood his rights. At the conclusion, defendant signed the form. Defendant then asked the officer what the charges were. The officer responded that he was working on two different cases. One involved a seventeen-year-old girl. That case is not involved here, and no mention was made of that case during the jury trial in this case. The other matter that the officer was working on was this case. The detective knew only the first names of two of the other men and he told the defendant that if he had any witnesses, such as Bob or Richard, if he would tell Clark their names, Clark would interview them. Defendant responded that he knew about the incident and stated that he was

not really worried about it. The detective testified that the defendant "didn't wish to tell me who the witnesses were or who Bob was or who Richard was." At that point, Miss Helsel appeared and the interview was terminated.

On cross-examination, the detective said that defendant merely responded that he "wasn't really worried about it," and the detective surmised. that because of the evasive response defendant did not want to disclose the full names of the witnesses.

The trial court held a *Jackson v. Denno* hearing and heard the testimony of the officer outlined above. The court then ruled that the defendant was properly and adequately advised of his constitutional rights, that he waived those rights, and that the conversation was admissible. The trial then resumed and the officer's testimony disclosing his conversation with the defendant was admitted in evidence.

Defendant argues that his constitutional rights were violated because the officer knew that he was represented by counsel who had requested that the defendant not be questioned unless she was present. In support of this contention, defendant cites *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602 (1966), and other cases, all of which support the rule that when an accused expresses a desire to have counsel present during interrogation, the police must terminate their questioning of the defendant until counsel is made available to him. This rule, however, does not appear to be applicable here. As soon as the defendant stated that he had counsel and repeated what she had told him, the detective terminated the conversation and started to leave. Defendant then asked the officer what it was all about, and the detective responded in effect that he could not talk to the defendant unless he wished to waive his rights. Defendant did not at any time request that his attorney be notified nor did he say that he did not wish to speak to the officer until counsel was present.

Where one who is in custody expresses a desire to deal with the police only through counsel or when counsel is present, further interrogation must cease until counsel is present. However, an accused may waive the right to have counsel present and, where the accused voluntarily initiates further communication, the officers are not precluded from responding. See *Ed-*

*wards v. Arizona*, 451 U.S. 477, 484-85, 68 L.Ed.2d 378, 101 S.Ct. 1880 (1981), and *Oregon v. Bradshaw*, 462 U.S. 1039, 1044-45, 77 L.Ed.2d 405, 103 S.Ct. 2830 (1983). The question is whether the defendant, after asserting the right to have counsel present, initiated further conversation with the officer and knowingly and intelligently waived his right to have counsel present. The defendant appears to contend that once the police know a person is represented by counsel and has been told not to talk to the police officers, the officers cannot under any circumstances have any further conversation with that person. We rejected that rule in *State v. Costa*, 228 Kan. 308, Syl. ¶ 3, 613 P.2d 1359 (1980):

"An accused may effectively waive the right to have counsel present during any police interrogation. The fact that he has previously retained counsel does not necessarily make inadmissible a voluntary statement made by the defendant in his counsel's absence."

Here, defendant first informed the officer that he had counsel and had been advised not to talk in her absence. The officer started to leave. Defendant then asked direct questions of the officer concerning the investigation. Under all of the circumstances disclosed in this record, we conclude that the defendant initiated further conversation with Detective Clark and knowingly and intelligently waived his right to have counsel present while he spoke with that officer.

Defendant also argues that the detective played a "cat and mouse" game with him in refusing to tell him what the investigation was about unless the defendant waived his rights. We do not so read the record. The detective properly terminated the communication as soon as the defendant stated that he had counsel who had directed him not to talk to the officers unless counsel was present. Had the officer proceeded to discuss the matter with the defendant, and had the defendant made any statements or comments, defendant would most certainly argue vociferously that such statements were secured in violation of his *Miranda* rights. The officer was correct in explaining those rights to him in detail and in refusing to have further conversation with the defendant unless he was willing to knowingly and intelligently waive those rights. We conclude that the conversation was admissible in evidence.

Defendant next argues that the trial court erred in allowing Detective Clark to testify that the defendant did not answer

Clark's question as to the identity of Bob and Richard. Defendant contends that this evidence violated his Fifth and Fourteenth Amendment rights because it constituted an impermissible use of his silence or his refusal to answer questions. As we noted above, defendant did not refuse to answer the question, he simply replied in an unresponsive manner that he knew of the incident and he. was not worried about it. The officer concluded that he did not want to disclose the witnesses' names. Defendant was merely nonresponsive. This is not a situation where the prosecution was using an accused's refusal to answer a question to impeach his credibility by emphasizing his silence. There was no later comment upon this part of the detective's testimony and no mention of it during closing argument.

The record discloses that the defendant did not object to Clark's testimony either at the *Jackson v. Denno* hearing or during trial on the ground that his testimony constituted an impermissible use of his silence. Where constitutional grounds for a reversal of a conviction are first raised on appeal, they are not properly before the appellate court for review. *State v. Budden*, 226 Kan. 150, 595 P.2d 1138 (1979); *State v. Berry*, 223 Kan. 566, 575 P.2d 543 (1978); *State v. Estes*, 216 Kan. 382, 532 P.2d 1283 (1975); *State v. Harder*, 8 Kan. App. 2d 98, 650 P.2d 724 (1982).

Even if we were to consider the admission of this testimony as error, it is difficult to see how the defendant was prejudiced. The dispute was whether the sex acts were forcible or consensual. There is no contention that either of the two witnesses, Bob or Richard, were present when the acts took place. The defendant contended that the sex was mutually agreeable and he was not worried about the matter. He did not need any further investigation of witnesses. We conclude that there was no reversible error.

Finally, defendant contends that the trial court erred in allowing Detective Clark to testify in rebuttal concerning certain written statements given to him by State's witnesses Womack and Haynes, two of the men who were with the defendant and the victim earlier in the evening. They both were called as State's witnesses, and their testimony paralleled their statements with the exception that each witness also testified that the victim continually displayed sexually aggressive behavior toward the

defendant throughout the course of the evening. That matter was not included in their written statements and had not been disclosed to the detective. Clark was called on rebuttal and testified without objection as to the contents of the witnesses' statements, and that the witnesses did not tell him about the victim's "aggressive sexual behavior" although he gave them ample opportunity to do so. Defendant's only objection was made at the conclusion of the testimony when the State offered the written statements in evidence. The trial court sustained that objection and the written statements were not admitted.

It is clear from the record that the defendant at no time objected to the detective's testimony; the only objection went to the admission of the written statements, and that objection was sustained. We have reviewed the rebuttal testimony of the detective and find no error in its admission. Additionally, appellate courts will not review alleged error in the admission of evidence in the absence of timely objection. See *State v. Garcia*, 233 Kan. 589, 608, 664 P.2d 1343 (1983); K.S.A. 60-404.

The judgment is affirmed.

HOLMES, J., dissenting: I respectfully dissent from syllabus ¶ 2 and the corresponding part of the majority opinion in accordance with the views I expressed in my dissent in *State v. Costa*, 228 Kan. 308, 320, 613 P.2d 1359 (1980).