No. 58,787

STATE OF KANSAS, *Appellee,* v. NELSON RAY JOHNSON, *Appellant.*
(729 P.2d 1169)

Opinion filed December 5, 1986.

*Steven R. Zinn,* supervising attorney, Kansas Appellate Practice Clinic, of Lawrence, argued the cause, and *Susan M. Hunt,* legal intern, of Lawrence, and *Benjamin C. Wood,* chief appellate defender, of Topeka, were with him on the brief for appellant.

*Robert A. Walsh,* county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: The appellant, Nelson Ray Johnson, appeals his jury conviction of one count of aggravated criminal sodomy in violation of K.S.A. 1985 Supp. 21-3506.

Johnson was originally charged with three counts of indecent liberties with his daughter, R.J., and one count of aggravated criminal sodomy with his stepson, J.W.

At trial, the State presented the videotaped testimony of R.J., pursuant to K.S.A. 1985 Supp. 22-3433 and K.S.A. 1985 Supp.

22-3434. In addition to testifying regarding the indecent liberties charges, R.J. testified she saw the appellant sodomize her brother, J.W. During the first part of the videotaped testimony, R.J. and Sherry Radcliffe (a social worker) were the only persons present in the room. During the second portion of the videotape, a number of people were present—R.J., her foster mother, Ms. Radcliffe, the State's attorney, the defense attorney, and the court reporter. The appellant was not present during the videotaping.

The State also presented the testimony of the stepson. Although his testimony was not videotaped, J.W. testified the appellant had sodomized him several times over a two- to three-year period. However, he further testified he was unaware that R.J. had seen any of these acts.

The jury found the appellant guilty of the aggravated sodomy of J.W., but were unable to reach a verdict on the three counts of indecent liberties with R.J. Accordingly, the trial court declared a mistrial upon the indecent liberties charges. These charges were later dismissed upon the State's motion.

Prior to sentencing, appellant filed a motion for new trial on the grounds of newly discovered evidence. The trial court denied Johnson's motion on the ground the evidence could have been presented at trial. The appellant was then sentenced to a minimum of 10 and a maximum of 20 years' imprisonment.

The appellant first argues the admission of the videotaped testimony of R.J. under the provisions of K.S.A. 1985 Supp. 22-3433 and 22-3434 violated his right of confrontation secured by both the United States and Kansas Constitutions. Before considering this issue, it should be noted the videotaped testimony of R.J. is relevant even though the appellant was not convicted of the charges involving R.J. The videotape is significant because R.J. testified she saw appellant commit the crime for which he was ultimately convicted.

The statutes in question provide for the admission of a prior videotaped recording of a statement made by a child alleged to be the victim of a crime if specific procedures are followed. K.S.A. 1985 Supp. 22-3433 provides for the admission of statements made prior to the initiation of criminal proceedings. It states:

"Recorded statement of child [victim] admissible in certain cases; limitations.

(a) In any criminal proceeding in which a child less than 13 years of age is alleged to be a victim of the crime, a recording of an oral statement of the child, made before the proceeding began is admissible in evidence if:

"(1) The court determines that the time, content and circumstances of the statement provide sufficient indicia of reliability;

"(2) no attorney for any party is present when the statement is made;

"(3) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

"(4) the recording equipment is capable of making an accurate recording, the operator of the equipment is competent and the recording is accurate and has not been altered;

"(5) the statement is not made in response to questioning calculated to lead the child to make a particular statement or is clearly shown to be the child's statement and not made solely as a result of a leading or suggestive question;

"(6) every voice on the recording is identified;

"(7) the person conducting the interview of the child in the recording is present at the proceeding and is available to testify or be cross-examined by any party;

"(8) each party to the proceeding is afforded an opportunity to view the recording before it is offered into evidence, and a copy of a written transcript transcribed by a certified shorthand reporter is provided to the parties; and

"(9) the child is available to testify.

"(b) If a recording is admitted in evidence under this section, any party to the proceeding may call the child to testify and be cross-examined, either in the courtroom or as provided by K.S.A. 1985 Supp. 22-3434."

## K.S.A. 1985 Supp. 22-3434 provides:

"**Videotape of testimony of child victim admissible in certain cases; limitations; objections, restrictions.** (a) On motion of the attorney for any party to a criminal proceeding in which a child less than 13 years of age is alleged to be a victim of the crime, the court may order that the testimony of the child be taken:

"(1) In a room other than the courtroom and be televised by closed-circuit equipment in the courtroom to be viewed by the court and the finder of fact in the proceeding; or

"(2) outside the courtroom and be recorded for showing in the courtroom before the court and the finder of fact in the proceeding if: (A) The recording is both visual and aural and is recorded on film or videotape or by other electronic means; (B) the recording equipment is capable of making an accurate recording, the operator of the equipment is competent and the recording is accurate and has not been altered; (C) every voice on the recording is identified; and (D) each party to the proceeding is afforded an opportunity to view the recording before it is shown in the courtroom, and a copy of a written transcript transcribed by a certified shorthand reporter is provided to the parties.

"(b) At the taking of testimony under this section:

"(1) Only the attorneys for the defendant, the state and the child, any person whose presence would contribute to the welfare and well-being of the child and persons necessary to operate the recording or closed-circuit equipment may be present in the room with the child during the child's testimony;

"(2) only the attorneys may question the child;

"(3) the persons operating the recording or closed-circuit equipment shall be confined to an adjacent room or behind a screen or mirror that permits them to see and hear the child during the child's testimony but doesnot permit the child to see or hear them; and

"(4) the court shall permit the defendant to observe and hear the testimony of the child in person, but shall ensure that the child cannot hear or see the defendant.

"(c) If the testimony of the child is taken as provided by this section, the child shall not be compelled to testify in court during the proceeding.

"(d)(1) Any objection by any party to the proceeding to a recording under subsection (a)(2) is inadmissible must be made by written motion filed with the court at least seven days before the commencement of the trial. An objection under this subsection shall specify the portion of the recording which is objectionable and the reasons for the objection. Failure to file an objection within the time provided by this subsection shall constitute waiver of the right to object to the admissibility of the recording unless the court, in its discretion, determines otherwise.

"(2) The provisions of this subsection (d) shall not apply to any objection to admissibility for the reason that the recording has been materially altered."

The confrontation clause of the Sixth Amendment of the United States Constitution guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." The right of confrontation is guaranteed to defendants in state as well as federal criminal proceedings. *Pointer v. Texas,* 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965). The right of confrontation encompasses both the right to cross-examine and the right to observe an accuser face to face. However, the primary purpose of the confrontation clause is to give the accused the opportunity for cross-examination. *Delaware v. Van Arsdall,* 475 U.S. 673, 89 L. Ed. 2d 674, 683, 106 S. Ct. 1431 (1986), *Davis v. Alaska,* 415 U.S. 308, 315, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974).

This court has not previously considered the constitutionality of K.S.A. 1985 Supp. 22-3433 and 22-3434. However, in *State v. Myatt,* 237 Kan. 17, 697 P.2d 836 (1985), we considered the constitutionality of K.S.A. 1985 Supp. 60-460(dd), which provides an exception to the rule against hearsay for the out-of-court statements of child victims. Since videotaped testimony is hearsay, our holding and analysis in *Myatt* are relevant here.

The appellant in *Myatt* contended that K.S.A. 60-460(dd) is unconstitutional because it violates the Sixth Amendment right to confront witnesses and the Fourteenth Amendment right to

due process and equal protection. Before deciding the merits of this issue, Chief Justice Schroeder, for the court, discussed the purpose and function of the child victim hearsay exception in criminal proceedings:

"Often the child victim's out-of-court statements constitute the only proof of the crime of sexual abuse. Witnesses other than the victim and perpetrator are rare as people simply do not molest children in front of others. [Citation omitted.] Most often the offender is a relative or close acquaintance who has the opportunity to be alone with the child. [Citation omitted.] Depending on the type of sexual contact, corroborating physical evidence may be absent or inconclusive. [Citation omitted.] The child may be unable to testify at trial due to fading memory, retraction of earlier statements due to guilt or fear, tender age, or inability to appreciate the proceedings in which he or she is a participant. Therefore, these hearsay statements are usually necessary to the proceedings as the only probative evidence available.

"It is also beginning to be recognized that a child's statements about sexual abuse are inherently reliable. First, it is highly unlikely that a child will persist in lying to his or her parents, or other figures of authority, about sexual abuse. Second, children do not have enough knowledge about sexual matters to lie about them. [Citation omitted.] Consequently, in light of the need for child hearsay statements in sex abuse cases, as well as their potentially superior trustworthiness to in-court testimony, the traditional reasons for barring use of such hearsay statements become less compelling.

"Moreover, the incidence of sexual abuse of young children has increased dramatically in recent years. [Citation omitted.] Statistics show that there has been a 200% increase in the reporting of sexual abuse since 1976. By 1980, there were 25,000 reported cases annually. A substantial number of cases are never reported; estimates of the actual incidence vary from 100,000 to 500,000 per year." 237 Kan. at 21-22.

In analyzing the merits of the defendant's challenges to the constitutionality of K.S.A. 60-460(dd), this court in *Myatt* first noted that admitting a declarant's out-of-court statements in situations where the declarant is available does not violate the confrontation clause. (Citing *California v. Green*, 399 U.S. 149, 158-61, 26 L. Ed. 2d 489, 90 S. Ct. 1930 [1970].) However, the court further noted that when the declarant is not testifying and is unavailable to be cross-examined, the use of hearsay exceptions must fulfill certain constitutional requirements. Specifically, the court held that in order to admit out-of-court statements of a witness who does not testify, (1) the witness must be shown to be unavailable, and (2) the trial court must determine that the witness's out-of-court statements have an "adequate indicia of reliability." (Following *Ohio v. Roberts*, 448 U.S. 56, 66, 65 L. Ed. 2d 597, 100 S. Ct. 2531 [1980].) 237 Kan. at 24. Since K.S.A.

1985 Supp. 60-460(dd) allows for the admission of a child victim's hearsay statements only if the child is unavailable as a witness and the statement is apparently reliable, the *Myatt* court held that the statute does not per se violate the Sixth Amendment right to confrontation. 237 Kan. at 25.

Keeping in mind the requirements which must be met before child victim hearsay may be admitted, we now consider the constitutionality of K.S.A. 1985 Supp. 22-3433. That statute provides for the admission of videotaped testimony of a child victim where the child is available to testify and be cross-examined and if the court determines that the time, content, and circumstances of the statement provide sufficient indicia of reliability. Under 22-3433, no attorney for either party may be present when the recording is made. Thus, no opportunity exists for cross-examination during the recording. However, K.S.A. 1985 Supp. 22-3433 does not violate a defendant's right to confrontation because the child must be available to testify and be cross-examined either in the courtroom or as provided by K.S.A. 1985 Supp. 22-3434. Moreover, the statute requires that the court find the statement contains "sufficient indicia of reliability" before it can be admitted. Thus, K.S.A. 1985 Supp. 22-3433 satisfies the two-part test set out in *Myatt* for admission of child victim hearsay.

We now turn to K.S.A. 1985 Supp. 22-3434. That statute also provides for the admission of videotape testimony of child victims, but differs considerably from K.S.A. 1985 Supp. 22-3433. Under 22-3434, a number of individuals are permitted to be present during the recording of the child's testimony, including the attorneys for the defendant, the State, and the child; however, only the attorneys may question the child. K.S.A. 1985 Supp. 22-3434(b)(1) and (2). Section (b)(4) of the statute permits the defendant to observe and hear the testimony of the child in person, but the court must insure that the child cannot see or hear the defendant. Section (c) provides that if the testimony of a child is taken as provided by this section, the child shall not be compelled to testify in court during the proceeding.

Since the statute specifically provides that the witness cannot be compelled to testify at trial, it would seem to preclude a finding by the trial judge that the child is unavailable as required in the first part of the test set forth in *Myatt*.

The second part of the *Myatt* test, that the trial court find the statements contain sufficient indicia of reliability, is also not provided for in K.S.A. 1985 Supp. 22-3434.

In *Myatt,* we held the determination of the reliability and trustworthiness of the victim must be made on a case-by-case basis. We also set forth some of the factors to be considered by the trial court when determining the reliability of the witness, such as: the age of the child; his or her physical or mental condition; the circumstances of the alleged event; the language used by the child; the child's family, school, and peer relationship; any motive to falsify or distort the event; and the reliability of the testifying witness. 237 Kan. at 25.

We find the detailed requirements of K.S.A. 1985 Supp. 22-3434 make consideration of such factors unnecessary. Specifically, K.S.A. 1985 Supp. 22-3434 gives the attorney for the defendant, the State, and the child the opportunity to cross-examine the child. Thus, the factors discussed in *Myatt* for determining the reliability and trustworthiness of the child's statements can all be brought out during the questioning of the child and need not be reconsidered by the trial court.

We hold K.S.A. 1985 Supp. 22-3433 and 22-3434 are constitutional and do not violate the appellant's right to confront the witnesses against him.

The appellant next alleges the trial court erred in admitting the videotaped testimony of R.J., as it did not comply with the statutory requirements of K.S.A. 1985 Supp. 22-3433. Basically, the appellant argues that even if the statute is constitutional on its face, it is unconstitutional as applied to the appellant.

The appellant failed to raise this objection at the trial court level, but now argues that even though no objection was raised, this court should address the issue in the "interest of justice." We have often held that where constitutional grounds for reversal are asserted for the first time on appeal, they are not properly before the appellate court for review. *State v. O'Neal,* 238 Kan. 183, 187, 708 P.2d 206 (1985); *State v. Budden,* 226 Kan. 150, 154, 595 P.2d 1138 (1979); *State v. Estes,* 216 Kan. 382, 385, 532 P.2d 1283 (1975). Accordingly, the appellant's failure to object at trial renders this issue without merit.

Finally, appellant contends the trial court erred in denying his motion for new trial.

The appellant's motion for new trial was based on newly discovered evidence. At the hearing on the motion, the court heard the testimony of Penny Sager, who was identified as a friend of the Johnson family since 1979. Ms. Sager testified that she talked to J.W. after his testimony on the first day of trial and that she asked J.W., "Why are you doing this to Nelson?" According to Ms. Sager, J.W. responded, "[t]his is the only way that we know how to get rid of him."

The granting of a new trial for newly discovered evidence is in the trial court's discretion and a new trial should not be granted unless the evidence is of such materiality that it would be likely to produce a different result upon retrial. *State v. Johnson,* 222 Kan. 465, 471, 565 P.2d 993 (1977). When a defendant moves for a new trial, he or she bears the burden of proof to show the alleged newly discovered evidence could not with reasonable diligence have been produced at trial. *State v. Myrick & Nelms,* 228 Kan. 406, Syl. ¶ 10, 616 P.2d 1066 (1980).

In this case, the trial court held that Ms. Sager's testimony could have been discovered and presented at trial. This conclusion is supported by Ms. Sager's testimony that she attempted to give the information regarding her discussion with J.W. to defense counsel during the trial, but counsel was too busy to talk to her until the conclusion of the trial. In addition, it should be pointed out that the same evidence, *i.e.,* that the children wanted their mother to divorce appellant, was introduced at trial in the form of testimony from J.W. Also, J.W.'s statement does not necessarily mean he was fabricating it. He frankly admitted he wanted to get rid of appellant. It would be indeed abnormal if the victim did not want to rid the home of a person of appellant's caliber.

The trial court did not abuse its discretion in denying the appellant's motion for new trial.

The judgment of the trial court is affirmed.