NOT DESIGNATED FOR PUBLICATION

No. 114,524

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT DAVIS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed June 10, 2016.
Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).


Before BUSER, P.J., HILL, J., and WALKER, S.J.


*Per Curiam*:  This is a summary disposition appeal of an order directing Robert Davis to register as a sex offender. After his conviction for electronic solicitation of a child, Davis contends the district court's failure to impose the registration requirement at sentencing and in his presence rendered his sentence illegal and mandated resentencing. Finding no error, we affirm.


FACTUAL AND PROCEDURAL BACKGROUND

Davis and the State entered into a plea agreement in which he pled guilty to one count of electronic solicitation of a child, a severity level 3 person felony, in violation of K.S.A. 21-3523(a)(1), (b). When Davis committed this crime, on March 27, 2009, the

1

Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*., was applicable. The plea agreement signed by Davis and his attorney acknowledged that Davis was informed of the requirement that he register as a sex offender. In particular, Paragraph No. 2 (e) read: "The Defendant is aware that this offense requires him to register as a Sex Offender." Davis also signed a "Defendant's Acknowledgement of Rights and Entry of Plea" form, although this document did not mention KORA registration.

At the plea hearing on November 18, 2009, the district court read the terms of the plea agreement and asked Davis if he understood them. The district court specifically read aloud Paragraph No. 2 (e) of the agreement in which Davis acknowledged his understanding that he was required to register as a sex offender because of his conviction for a sex crime. Following the plea colloquy, a reading of the information, and Davis' agreement that he understood the terms of the plea agreement, the district court accepted Davis' guilty plea and found him guilty of electronic solicitation of a child.

On December 23, 2009, the district court sentenced Davis to a presumptive term of 89 months' imprisonment, followed by 36 months' postrelease supervision. At sentencing, the district court informed Davis of his "duty to register under the Kansas Offender Registration Act."

The sentencing journal entry filed after Davis' sentencing did not memorialize that Davis was subject to the KORA requirements. On May 11, 2010, the district court, at the State's request, issued a nunc pro tunc order correcting the journal entry to state that Davis had been informed of his duty to register under KORA, and the term of registration was 10 years, as provided by K.S.A 22-4906.

Four years later, on September 15, 2014, Davis filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504(1). In his motion, Davis alleged, in part, that the district court violated his rights when it imposed the offender registration requirement in

2

the nunc pro tunc order outside his presence. Subsequently, defense counsel moved to have the district court resentence Davis and impose the registration requirement in Davis' presence to remedy the claimed due process violation under K.S.A 22-3405.

On January 23, 2015, the district court summarily denied both motions, ruling that its failure during sentencing to discuss the offender registration requirements did not render Davis' sentence illegal or require resentencing because registration is not part of sentencing. In particular, the district court found that "[r]egistration is not part of the sentence, it is merely part of the sentencing proceeding."

Davis appeals and asks us to proceed without briefing under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State does not object to summary disposition.

ANALYSIS

On appeal, Davis "contends he has a right to be present at sentencing pursuant to K.S.A. 22-3405, and that the district court violated his right to be present at sentencing." Davis candidly concedes, however, that his argument is contrary to our court's precedent in *State v. Simmons*, 50 Kan. App. 2d 448, 329 P.3d 523 (2014), *petition for rev. filed* July 25, 2014. In response, the State also cites *Simmons* and argues that Davis "is not entitled to any relief as the registration requirement is not considered part of his sentence."

A defendant in a criminal case has the right to be present at every critical stage of the trial. K.S.A 22-3405(1); *State v. Herbel*, 296 Kan. 1101, 1106, 299 P.3d 292 (2013). "That right emanates from the Sixth Amendment right to confront witnesses and from the right to due process guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution. [Citations omitted.]" *State v. Davis*, 284 Kan. 728, 731, 163 P.3d 1224 (2007).

Sentencing is a critical stage of a criminal proceeding. *State v. Bristor*, 236 Kan. 313, 317-18, 691 P.2d 1 (1984); see also *State v. Hall*, 298 Kan. 978, 987-88, 319 P.3d 506 (2014) ("[A]ny completion of sentencing must take place in the defendant's presence in open court."). Thus, sentences imposed without the presence of a defendant are void and have no legal effect. See *State v. Arrocha*, 42 Kan. App. 2d 796, Syl. ¶ 1, 217 P.3d 467 (2009) ("A [felony] sentence imposed outside the presence of the defendant is void unless the defendant has waived this right.").

Whether a sentence is illegal within the meaning of K.S.A. 22-3504(1) is a question of law over which our court has unlimited review. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). When a district court summarily denies a motion to correct illegal sentence—as in the case here—our court applies a de novo standard of review because we have the same access to the motion, records, and files as the district court. See *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013).

As noted earlier, Davis was informed in the written plea agreement and at the plea and sentencing hearings that his guilty plea and conviction mandated that he register under KORA. Although the district court did not specify the *length* of the registration period, the court remedied this oversight in its nunc pro tunc order by clarifying that Davis had a duty under KORA to register for a period of 10 years. Given these unique facts we are persuaded that Davis was personally informed at sentencing of the requirement that he register under KORA but was not told of the duration of the registration requirement.

Any failure of the district court to specify the exact term of KORA registration at sentencing or the court's correction of the nunc pro tunc order without the presence of Davis, however, does not affect the legality of Davis' sentence. Our court's holding in *Simmons* is dispositive of Davis' offender registration arguments.

In *Simmons*, our court held that offender registration is not part of a defendant's sentence. In reaching this holding, the *Simmons* court stated:

> "Because an offender's statutory duty to register is imposed automatically by operation of law, without court intervention, as a collateral consequence of judgment with a stated objective of protecting public safety and not punishment, we necessarily conclude that the registration requirements—no matter when imposed—are *not* part of an offender's sentence." (Emphasis added.) 50 Kan. App. 2d at 451.

Because offender registration was not part of Davis' sentence, his arguments relating to an illegal sentence and his right to be present at sentencing are without merit under these circumstances. See *State v. Rice*, No. 112,778, 2015 WL 7434701, at *1 (Kan. App. 2015) (unpublished opinion), *petition for re*v. *filed* December 18, 2015; *State v. Hill*, No. 111,226, 2015 WL 2342392, at *2 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* June 5, 2015; *State v. Kilpatrick*, No. 111,055, 2015 WL 1123021, at *2-3 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* April 2, 2015; *State v. Ward*, No. 109,325, 2014 WL 5610212, at *2-3 (Kan. App. 2014) (unpublished opinion), *petition for rev. filed* November 21, 2014.

Affirmed.